E-FILED
Monday, 11 February, 2008  09:47:06 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **PHILLIP D. JONES,** | ) |
| Petitioner, | ) |
| v. | ) Case No. 07-2194 |
| **UNITED STATES OF AMERICA,** | ) |
| Respondent. | ) |

**OPINION**

On October 22, 2007, Petitioner Phillip D. Jones filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1). The Government filed a Motion to Dismiss (#3) on January 4, 2008, and Petitioner filed his Response (#5) on February 4, 2008. For the following reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is dismissed as untimely.

**BACKGROUND**

On March 7, 2002, Petitioner was charged by indictment with possession of 500 or more grams of cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Following a jury trial, Petitioner was convicted on the sole count of the indictment on February 11, 2003. On May 30, 2003, this court sentenced Petitioner to a term of 360 months' imprisonment and eight years of supervised release. Petitioner filed a timely notice of appeal on June 2, 2003. On November 24, 2004, the Seventh Circuit Court of Appeals affirmed Petitioner's conviction. See United States v. Jones, 389 F.3d 753 (7th Cir. 2004). The Seventh Circuit Court of Appeals

subsequently ordered a limited remand of Petitioner's case pursuant to United States v. Paladino, 401 F.3d 471 (7th Cir. 2005). This mandate was modified by the Seventh Circuit Court of Appeals on October 6, 2005, to order a hearing pursuant to United States v. Booker, 543 U.S. 220 (2005). On December 19, 2005, this court modified Petitioner's sentence to a term of 240 months' imprisonment and eight years of supervised release. On December 28, 2005, Petitioner filed a timely notice of appeal. On June 26, 2006, the Seventh Circuit Court of Appeals affirmed Petitioner's sentence. See United States v. Jones, 2006 WL 1765845 (7th Cir. 2006). The mandate was issued on July 18, 2006. No petition for writ of certiorari was filed with the United States Supreme Court.

On October 22, 2007, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255. In his motion, Petitioner raises two claims: (1) Petitioner's trial counsel was ineffective for failing to call two witnesses for the defense and (2) Petitioner's trial counsel was ineffective for failing to object to alleged prosecutorial misconduct resulting from statements made by the Government at trial regarding Petitioner's prior convictions. On January 4, 2008, the Government filed a Motion to Dismiss (#3) arguing that Petitioner's motion is untimely.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA) sets forth a one-year limitation period for pursuing relief under 28 U.S.C. § 2255. The period for filing such a motion begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from a making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the instant case, Petitioner received his final sentence on December 19, 2005. A notice of appeal was filed on December 28, 2005, and the Seventh Circuit issued its decision affirming Petitioner's sentence on June 26, 2006. Petitioner did not file a petition for writ of certiorari. Therefore, Petitioner's conviction became final on September 24, 2006, 90 days after the decision of the Seventh Circuit Court of Appeals. See Clay v. United States, 537 U.S. 522, 525 (2003). Petitioner's § 2255 motion was filed on October 22, 2007. Thus, the petition is untimely because it was filed more than one year after his conviction became final. None of the alternative dates to start of the running of the statute of limitations set forth in the statute are applicable here.

Petitioner argues in his response to the motion to dismiss that he was not made aware of the Seventh Circuit Court of Appeals' decision until July 27, 2006, and therefore his motion should be considered timely. However, the time for filing a petition for writ of certiorari is not 90 days from the time a defendant becomes aware of the judgment, but 90 days after the entry of judgment. See Romero v. United States, 2007 WL 3120059 at *1 (N. D. Ill. 2007) (ninety days began to run when

Seventh Circuit dismissed appeal). Furthermore, this is not a situation where Petitioner was never informed regarding the status of his case. Petitioner was notified by his attorney within eight days of when the Seventh Circuit Court of Appeals issued its mandate affirming Petitioner's sentence. Accordingly, Petitioner's motion must be dismissed as untimely.

IT IS THEREFORE ORDERED:

(1) The Government's Motion to Dismiss (#3) is GRANTED. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1) is dismissed as untimely.

(2) This case is terminated.

ENTERED this 11th day of February, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE